**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL A.H. OWEN, | No. 18-35210 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05193-TLF |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted April 1, 2020[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Michael Owen appeals the district court's order affirming the Commissioner

of Social Security's denial of disability benefits. We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"We review the district court's decision sustaining the [Administrative Law Judge's ("ALJ")] denial of social security benefits de novo and can reverse only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). Additionally, we "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).

1.      Substantial evidence supports the ALJ's evaluation of the medical evidence. First, the ALJ offered "specific and legitimate reasons" (supported by substantial evidence) for discounting Dr. Phillips's opinion regarding Owen's physical limitations when it found that Dr. Phillips's opinion was inconsistent with clinical findings. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). Aside from Dr. Phillips's findings of Owen's limited range of motion, Dr. Phillips made no other significant clinical findings regarding Owen's left knee. Rather, Dr. Phillips's notes simply stated that Owen limps, and that his left knee is in a brace. There are no clinical findings regarding the limited use of Owen's left leg. Although the ALJ erred by failing to address Dr. Phillips's opinion regarding Owen's mental limitations, *see Buck*, 869 F.3d at 1048, the opinion was inadequately supported by clinical findings, *see Thomas v. Barnhart*, 278 F.3d 947,

2

957 (9th Cir. 2002), and would not have altered the outcome of the case, *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Second, the ALJ did not err in giving Dr. Bowes's opinion "little weight," because substantial evidence confirms that Dr. Bowes's opinion lacked supporting clinical findings and was inconsistent with the record. *See Thomas*, 278 F.3d at 957; 20 C.F.R. § 404.1527(c)(4). Owen argues that the ALJ erred, because Dr. Bowes described clinical findings that supported her opinion. Owen then summarizes other findings that support Dr. Bowes opinion. However, this simply highlights a conflict in the evidence. Resolving conflicts is the ALJ's responsibility and prerogative, *see Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), and, because the ALJ's interpretation of the evidence is "rational," it must be upheld, *see Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Third, the ALJ did not err in evaluating the opinions from other medical providers.[1] The only medical provider opinion that Owen adequately challenges is that of Ms. Tjersland. Even assuming, without deciding, that Ms. Tjersland is an acceptable medical source, the ALJ did not err in giving "little weight" to her

---

[1] In his opening brief, Owen summarizes certain medical findings and other medical providers' opinions and summarily concludes that these findings "support[] [his] testimony about his limitations." Because Owen fails to specifically and distinctly argue these points, we do not address them. *See Carmickle*, 533 F.3d at 1161 n.2.

3

opinion, because Ms. Tjersland did not describe any limitations in her opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (noting that an ALJ need not consider an opinion that does not state any limitations).

Fourth, the ALJ did not err in considering the non-examining state agency physicians' opinions. Contrary to Owen's arguments, the ALJ evaluated Dr. Stevick's opinion. The ALJ even adopted the same limitations in the residual functional capacity ("RFC") that Dr. Stevick gave in his opinion. Specifically, both the RFC and Dr. Stevick's opinion limited Owen to: (1) lifting/carrying twenty pounds occasionally and ten pounds frequently; (2) standing and/or walking two hours in an eight-hour work day; (3) sitting six hours in an eight-hour work day; and (4) occasionally using foot controls with the left foot. Additionally, the ALJ did not err in giving more weight to the opinions of the non-examining state agency physicians than to those of Dr. Phillips and Dr. Bowes, because the ALJ properly discounted Dr. Phillips's and Dr. Bowes's opinions.

Finally, Owen argues that the ALJ erred in giving great weight to the non-examining state agency physicians' opinions, because the physicians did not review any evidence beyond July 2014. However, there is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time. At the time they issued

4

their opinions, the non-examining experts had considered all the evidence before them, satisfying the requirements set forth in 20 C.F.R. § 404.1527(c)(3).

2.     The ALJ did not err in discounting Owen's testimony, because the ALJ offered "specific, clear and convincing reasons for doing so." *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). The ALJ determined that Owen's "statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely credible" for various reasons.  First, the ALJ found that Owen's allegations were inconsistent with the medical evidence. The ALJ summarized the medical evidence and then pointed to specific allegations and testimony that were inconsistent with that medical evidence. Thus, the ALJ did not erroneously rely on an objective evidence test.

Second, the ALJ found that Owen's daily activities were not limited to the extent one would expect with his alleged symptoms and limitations. "Though inconsistent daily activities may provide a justification for rejecting symptom testimony, 'the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.'" *Revels v. Barryhill*, 874 F.3d 648, 667 (9th Cir. 2017) (alteration in original) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)). Further,

"disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. "Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility." *Id.* While Owen's performance of household chores may not seem inconsistent with his claimed physical limitations, some of his daily activities are certainly inconsistent with his reported psychological symptoms. Owen reported needing to lie down for four to five hours a day due to his depression and that he had a hard time focusing due to his severe ADHD. However, Owen also reports that he is able to help his kids with homework, "watch a lot of documentaries," and "read four to five different books at a time." Due to the inconsistencies between Owen's daily activities and his reported limitations, the ALJ did not err in discounting Owen's testimony. *See id.*

Third, the ALJ validly found that Owen made inconsistent statements regarding why he stopped working. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (holding an ALJ may use "ordinary techniques of credibility evaluation" such as prior inconsistent statements to discount a claimant's testimony). At one point, Owen claimed he stopped working because of his conditions; he later reported he was "fired for dress code." Even later, Owen claimed he quit working

6

because of the cost of commuting. These inconsistencies were a valid reason for the ALJ to find Owen less credible.

Lastly, even though the ALJ offered one erroneous reason for discounting Owen's testimony, Owen failed to demonstrate that this error was harmful where the ALJ offered several other specific, clear and convincing reasons that are supported by substantial evidence for discounting Owen's testimony. *See Molina*, 674 F.3d at 1115 ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.").

3.    The ALJ gave sufficient germane reasons, supported by substantial evidence, to reject Ms. Kipp's lay witness testimony. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015). Specifically, the ALJ found the check-box form Ms. Kipp used to be conclusory, because there was no explanation of the basis for her conclusions. Further, Ms. Kipp's findings were inconsistent with other medical evidence. Both are valid reasons to discount lay witness testimony. *See Molina*, 674 F.3d at 1111–12.

4.    The ALJ's RFC and step-five findings are supported by substantial evidence, because the ALJ reasonably weighed the record evidence and reasonably

accounted for all of Owen's limitations. Owen's arguments to the contrary are simply derivative of his preceding arguments addressed and rejected above. Thus, Owen's arguments fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**